Anne M. LANDGRAFF; Gina Margarian, Individually and on behalf of the Columbia/HCA Stock Bonus Plan, Plaintiffs–Appellants,

v.

COLUMBIA/HCA HEALTHCARE CORPORATION; David Anderson; Steven T. Braun; Neil D. Hemphill; Bruce A. Moore; and James D. Shelton, Defendants–Appellees.

No. 00–5834.

United States Court of Appeals, Sixth Circuit.

Feb. 7, 2002.

Before BATCHELDER and COLE, Circuit Judges; and BECKWITH, District Judge.[*]

BECKWITH, District Judge.

The Appellants are participants in the Columbia/HCA Stock Bonus Plan (the "Plan"). The individual Appellees are cur-

[*] The Hon. Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

rent or former members of the fiduciary committee (the "Committee") that made investment decisions on behalf of the Plan until September 1998, when the Plan documents were amended to permit participants to direct how their assets in the Plan were invested.

In early 1997, the individual Appellees learned that the federal government was investigating Columbia/HCA Healthcare Corporation's billing and coding practices. As the public became aware of the investigation, Columbia/HCA's stock price fluctuated, and the stock lost some of its value over the following 18 months. Plaintiffs–Appellants initiated an action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(2), for breaches of fiduciary duties against Columbia/HCA and the individual Appellees. They alleged that the individual Appellees breached fiduciary duties owed to the Plan by failing to diversify the assets of the Plan, which, as of early 1997, held exclusively or nearly exclusively Columbia/HCA stock.

After a ten-day bench trial, the District Court issued a written decision on May 24, 2000, in which it set forth its conclusion that the individual Appellees had not breached fiduciary duties owed to the Plan. The District Court declined to award monetary damages to the Appellants or to grant the requested equitable relief of removal of the individual Appellees from the Committee. The Appellants then filed this appeal.

The Appellants do not challenge the District Court's conclusion that the individual Appellees did not breach fiduciary duties owed to the Plan or the denial of monetary damages. They appeal solely the District Court's failure to order the removal of the individual Appellees from the Committee.

As of the time of the trial of the Appellants' claims, only two of the individual Appellees, David Anderson and Bruce Moore, Jr., remained as members of the Committee. Accordingly, removal of the other Appellees from the Committee was no longer possible, and the Appellants' appeal from the District Court's failure to order their removal is moot. The appeal is, therefore, DISMISSED with respect to Steven T. Braun, Neil D. Hemphill, and James D. Shelton.

The Appellants do not challenge the District Court's decision with respect to their claims against Columbia/HCA Healthcare Corporation. Accordingly, the appeal is also DISMISSED with respect to Columbia/HCA Healthcare Corporation.

■ The Appellants contend that the District Court should have ordered the removal of the individual Appellees from the Committee as an equitable remedy for the procedural deficiencies it found in the manner in which the Committee considered the continued prudence of investment in the stock of Columbia/HCA. As we have noted, the District Court did not conclude that the deficiencies amounted to breaches of fiduciary duties under ERISA. Indeed, that court explicitly held that the Appellees had not breached those duties, and the Appellants do not challenge that conclusion.

■ This court reviews a district court's decision not to grant a particular equitable remedy for a violation of ERISA for an abuse of discretion. *See Schwartz v. Gregori*, 45 F.3d 1017, 1023 (6th Cir. 1995). We conclude that a district court does not abuse its discretion by failing to grant an equitable remedy when it has found no violation of the statute.

The equitable remedy of removal of a fiduciary is authorized by statute. The applicable provision, 29 U.S.C. § 1109(a), authorizes the removal of a fiduciary "who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries...." The statute does not authorize the removal of a fiduciary who has not breached a duty imposed upon him by ERISA. The Appellants have not identified authority for the proposition that a district court may order the removal of a fiduciary without first finding a breach of the fiduciary's duties. In any event, a court cannot abuse its discretion by declining to do so.

The District Court found no breach of fiduciary duties by Appellees Anderson and Moore and, thus, ordered no relief, monetary or equitable, against them. Its failure to do so cannot have been an abuse of discretion. Accordingly, we AFFIRM the District Court's decision denying the equitable remedy of removal of Appellees Anderson and Moore from the Committee.